```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JERMAINE JEVON HOWARD,<br><br>                      Plaintiff,<br><br>              -against-<br><br>3, 6 MAFIA; PAUL DUANE BEAUREGARD (DJ PAUL); DARNELL CARLTON (CRUNCHY BLACK); JORDAN MICHAEL HOUSTON (JUICY J); SONY MUSIC/HYPNOTIZED MINDS; RAE SREMMURD; EAR DRUMA RECORDS/INTERSCOPE RECORDS,<br><br>                      Defendants. | 20-CV-6116 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights under the Copyright Act. By order dated December 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jermaine Jevon Howard, who resides in Buffalo, New York, brings this action against Defendants, alleging that they violated his rights under the Copyright Act.[1] Although Plaintiff asserts claims under the Copyright Act, using the Court's form complaint for a civil

---

[1] Plaintiff filed two other complaints asserting similar claims against different defendants. *See Howard v. Pearl,* No. 20-CV-4694 (S.D.N.Y. June 22, 2020) (order transferring action to the United States District Court for the Central District of California); *Howard v. Pearl,* No. 20-CV-5880 (C.D.Ca. Aug. 21, 2020) (order dismissing complaint for failure to state a claim); *Howard v. Carter*, No. 20-CV-0417 (W.D.N.Y. filed Apr. 7, 2020) (pending).

case, Plaintiff also checks the box indicating that the basis for jurisdiction is diversity of citizenship. (ECF No. 2 at 4.)

Plaintiff alleges the following. In 1994, in a Buffalo, New York, home studio operated by Shawn J-Z Carter and Craig Sweat, Plaintiff wrote a chorus for a song. Defendant Paul Duane Beauregard (DJ Paul) asked Plaintiff to write the chorus for him and his group but told Plaintiff that he probably would not use it. Plaintiff signed an agreement that if the group used the chorus, Plaintiff would be owed royalties. In the spring of 1994, all documents and recordings were turned over to Kevin Liles of Def Jam, who contacted Plaintiff and advised him that Liles would get all material properly registered with the U.S. Copyright Office. In the winter of 2000, DJ Paul paid Kevin Liles an undisclosed amount to release the recording that Plaintiff made in 1994, and DJ Paul agreed to pay royalties to Plaintiff.

Plaintiff asserts that songs were released in 2005 and 2018, using the recording that Plaintiff made in 1994, and that he has not been paid any royalties. He seeks monetary damages for Defendants' use of "my copright [sic] protected lyrics."

## DISCUSSION

A.   **Claims Under the Copyright Act**

The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).[2] District courts within this

---

[2] The Copyright Act includes the following provision for copyright infringement claims made with respect to "a work consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission":

> the copyright owner may, either before or after such fixation takes place, institute an action for infringement . . . if, in accordance with requirements that the Register of Copyrights shall prescribe by regulation, the copyright owner –

3

Circuit require a plaintiff to allege the following to state a copyright infringement claim: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been [preregistered or] registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing, *inter alia, Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991), which sets forth elements relevant to copyright claim on motion for summary judgment)).

---

> (1) serves notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work; and (2) makes registration for the work, if required by subsection (a), within three months after its first transmission.

17 U.S.C. § 411(c). The Supreme Court has recently stated that:

> [i]n limited circumstances, copyright owners may file an infringement suit before undertaking registration. If a copyright owner is preparing to distribute a work of a type vulnerable to predistribution infringement – notably, a movie or musical composition – the owner may apply for preregistration. The Copyright Office will "conduct a limited review" of the application and notify the claimant "[u]pon completion of the preregistration." Once "preregistration . . . has been made," the copyright claimant may institute a suit for infringement. Preregistration, however, serves only as "a preliminary step prior to a full registration." An infringement suit brought in reliance on preregistration risks dismissal unless the copyright owner applies for registration promptly after the preregistered work's publication or infringement. A copyright owner may also sue for infringement of a live broadcast before "registration . . . has been made," but faces dismissal of her suit if she fails to "make registration for the work" within three months of its first transmission. Even in these exceptional scenarios, then, the copyright owner must eventually pursue registration in order to maintain a suit for infringement.

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (citations omitted).

Plaintiff has failed to allege facts (1) showing his ownership of the copyrights at issue, and (2) showing that he preregistered or registered his copyrights with the United States Copyright Office.

The Court grants Plaintiff leave to file an amended complaint to allege any such facts. The Court encourages Plaintiff to attach to his amended complaint any documentation that shows that he owns the copyrights at issue and that he preregistered or registered them.

**B.     Venue, personal jurisdiction, and diversity of citizenship jurisdiction**

Copyright infringement claims must be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Courts have found that a defendant "may be found [for purposes of § 1400(a)] in any district in which he is subject to personal jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (collecting cases).

To determine whether a defendant to a copyright action is subject to personal jurisdiction in a New York district court, courts look to New York State's long-arm statute, Section 302 of the New York Civil Practice Law and Rules, which, among other things, permits personal jurisdiction over a "non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y.C.P.L.R. § 302(a)(1); *see Boehm*, 2013 WL 6569788, at *2; *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

Plaintiff provides California addresses for Defendants Rae Sremmurd and Ear Druma Records/Interscope Records, and he does not allege facts showing that these two Defendants transact business in this district. Thus, it does not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against these defendants. The Court therefore grants Plaintiff leave to include in his amended complaint any facts showing why this Court is a proper

venue for his claims against Defendants Rae Sremmurd and Ear Druma Records/Interscope Records.

### C. Breach of Contract Claim

Because Plaintiff alleges that he signed an agreement that he would be paid royalties if the chorus that he wrote was used by Defendants, and that after using the chorus, Defendants failed to pay him royalties, the Court construes this allegation as a state-court breach of contract claim.

The Court declines, however, to consider Plaintiff's breach of contract claim at this time. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." Because it is not clear that Plaintiff can state a valid federal claim, the Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise in the complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid copyright claims, the Court grants Plaintiff sixty days' leave to

amend his complaint to detail his claims and allege facts showing why this Court is a proper venue for his claims against Defendants Rae Sremmurd and Ear Druma Records/Interscope Records .

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

  a) the names and titles of all relevant people;

  b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

  c) a description of the injuries Plaintiff suffered; and

  d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6116 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:  July 23, 2021
        New York, New York

                                                    _____
                                                            Louis L. Stanton
                                                                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____
_____
_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

I.  **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

A.  **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B.  **If you checked Diversity of Citizenship**

    1.  **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State                    Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State            Zip Code

Defendant 2: _____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State            Zip Code

Defendant 3: _____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State            Zip Code

Defendant 4:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____
_____
_____
_____
_____
_____
_____
_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____           _____
Dated                                                                  Plaintiff's Signature

_____
First Name                           Middle Initial           Last Name

_____
Street Address

_____
County, City                                    State                       Zip Code

_____
Telephone Number                                Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7