UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERMAINE JEVON HOWARD,

               Plaintiff,

-against-

THREE 6 MAFIA; PAUL DUANE
BEAUREGARD; DARNELL CARLTON;
JORDAN MICHAEL HOUSTON; SONY
MUSIC/HYPNOTIZED MINDS; RAE
SREMMURD; EAR DRUMA
RECORDS/INTERSCOPE RECORDS; KEVIN
LILES; DEF JAM RECORDS,

               Defendants.

20-CV-6116 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights under the Copyright Act. Because Plaintiff failed to allege facts showing his ownership of the copyrights at issue and that he preregistered or registered his copyrights with the United States Copyright Office, by order dated July 23, 2021, the Court directed Plaintiff to amend his complaint to address these deficiencies. Plaintiff filed an amended complaint on September 2, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his original pleading, Plaintiff alleged the following. In 1994, in a Buffalo, New York, home studio operated by Shawn J-Z Carter and Craig Sweat, Plaintiff wrote a chorus for a song. Plaintiff also wrote a chorus for Defendant Paul Beauregard and his group and Plaintiff signed an

agreement that if the group used the chorus, Plaintiff would be paid royalties. Plaintiff alleged further that in the spring of 1994, all documents and recordings were turned over to Defendant Kevin Liles of Def Jam Records, who advised Plaintiff that he would get all material properly registered with the U.S. Copyright Office. Plaintiff alleged that songs were released in 2005 and 2018, using the recording that Plaintiff made in 1994, but that Defendants failed to pay him any royalties

By order dated July 23, 2021, the Court held that: (1) Plaintiff failed to allege facts showing his ownership of the copyrights at issue, and showing that he preregistered or registered his copyrights with the United States Copyright Office; (2) because Plaintiff failed to allege facts showing that Defendants Rae Sremmurd and Ear Druma Records/Interscope Records transact business in this district, it did not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against them; and (3) because it was not clear that Plaintiff could state a valid federal claim, the Court would determine at a later date if it would exercise supplemental jurisdiction over Plaintiff's claim under state law that Defendants breached a contract.

## DISCUSSION

The allegations in Plaintiff's amended complaint are essentially identical to those in his original complaint. Plaintiff does, however, provide additional details about the events giving rise to his claim, and he also includes an allegation that he was assaulted in the studio. Plaintiff also asserts that Defendant Liles told him that because of the assault, allowing Plaintiff to access any copyright registration documents or recordings would place Plaintiff's life in danger.

Despite the additional details that Plaintiff provides in his amended complaint, his allegations remain insufficient to state a claim under the Copyright Act. In fact, Plaintiff alleges that Defendant Kevin Liles registered the recordings with the United States Copyright Office. It therefore appears clear that Plaintiff does not own the copyrights at issue and that he did not

preregister or register them. Plaintiff therefore fails to state a copyright infringement claim. *See Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing, *inter alia, Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991), which sets forth elements relevant to copyright claim on motion for summary judgment)).

Because Plaintiff has failed to state a valid copyright infringement claim, the question of venue for Plaintiff's claims against Defendants Rae Sremmurd and Ear Druma Records/Interscope Records is moot. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state-law breach of contract and assault claims. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: September 13, 2021
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.